## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Robert L. TAYLOR, Attorney at Law.

Supreme Court

*No. 86–1240–D. Submitted on briefs March 2, 1989.—Decided March 17, 1989.*

(Also reported in 436 N.W.2d 612.)

For Robert L. Taylor there was a brief by *Mr. Taylor,* Buffalo, New York.

For the Board of Attorneys Professional Responsibility there was a brief by *Gerald C. Sternberg,* Administrator, Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

The respondent, Robert L. Taylor, appealed from the report of the referee making findings of fact and conclusions of law concerning his unprofessional conduct and recommending that his license to practice law be revoked as discipline for that misconduct. While not contesting the findings and conclusions regarding one of the two causes of action set forth in the disciplinary complaint filed against him by the Board of Attorneys Professional Responsibility or the recommendation that his license be revoked as discipline for the misconduct involved in that matter, Mr. Taylor took the position that the referee erred in making findings and conclusions relating to the second cause of action of the complaint, arguing that he had been unable to properly defend against those allegations of misconduct. He further argued that the effective date of his license revocation should not be the date of this court's order imposing that discipline, as the referee had recommended, but the date on which he entered into a stipulation with the Board for the revocation of his license in the event his felony conviction, which was based on the matter alleged in the Board's first cause of action, were affirmed on appeal.

As Mr. Taylor has failed to establish his inability to have prepared and presented a defense against the allegations set forth in the Board's second cause of action, we determine that the referee properly made findings of fact and conclusions of law in that matter and we adopt those findings and conclusions. Concerning his second argument, we agree that the effective date of the license revocation to be imposed for Mr. Taylor's misconduct should not be the date of the court's order imposing the revocation, but we do not

agree it should be the date on which Mr. Taylor signed the stipulation. For reasons stated below, the effective date of the license revocation shall be the date on which his felony conviction became final.

Mr. Taylor was licensed to practice law in Wisconsin in 1979 and practiced in Milwaukee. His license was summarily suspended by order of the court on July 28, 1986, following his conviction of felony theft of client funds. The facts underlying that conviction were those alleged in the Board's first cause of action in its complaint in this proceeding, and Mr. Taylor stipulated to those facts, as well as to the summary suspension of his license to practice law pending termination of this disciplinary proceeding and to the revocation of his license if his conviction were affirmed on appeal. Mr. Taylor has not previously been the subject of a disciplinary proceeding. The referee in this matter is Attorney Stewart Honeck.

The facts found on the first cause of action are the following. A woman retained Attorney Taylor to represent her on a charge of theft from her employer. As a condition of dismissal of the criminal proceeding, the woman agreed to make restitution, for which purpose she gave Attorney Taylor $3,712 to be placed in his trust account and sent to the employer.

On July 15, 1985, Attorney Taylor told the circuit court in which the criminal action was pending that he had placed the client's $3,712 in his trust account and was going to send that money forthwith to the employer on his client's behalf. In fact, however, Attorney Taylor had never deposited those funds in his trust account but used them for his own personal purposes. Ultimately, after a demand for payment was made, Attorney Taylor sent the employer $3,712 in October, 1985. In addition to this conversion of client funds, Attorney

710

Taylor had failed to keep adequate records pertaining to his receipt and disbursement of client funds.

Regarding the Board's second cause of action, the referee made the following findings of fact. A man whom Attorney Taylor had previously represented in two legal matters retained him to represent the man's sister in an eviction proceeding. The sister had had a nervous breakdown and was suffering from mental illness. She left her apartment and went to New York, where she lived during the eviction proceeding, and her brother was acting unofficially as her guardian. He paid Attorney Taylor $100 to obtain the return of the sister's personal belongings to her family.

When Attorney Taylor told the brother in June of 1985 that he needed more money to ensure the return of the sister's personal belongings, the brother told him that the only money his sister had was a federal tax refund check in the amount of $2,856. Attorney Taylor suggested that, rather than using the brother's funds, the refund check should be deposited with him and he would keep the proceeds in his trust account, disbursing them to the sister as needed.

When the brother brought the refund check to him, Attorney Taylor told him to endorse it with his sister's name. In response to the man's question whether it was legally proper for him to do so, Attorney Taylor advised him that it was, as the sister was then suffering from mental illness. He said he would prepare papers authorizing the brother to act as legal guardian for his sister, but no such papers were ever prepared.

Attorney Taylor then deposited the refund check into his trust account, which at the time was overdrawn by approximately $20. Over the next 11 days, he used all of those funds for his own personal purposes.

Soon thereafter, when the man contacted him to obtain funds to pay for the removal of his sister's personal property, Attorney Taylor said he would have a check prepared so that the property could be removed, but he did not do so. He also sent a letter to the landlord's attorney stating that he held funds of the sister in his trust account, which was not true, and asked what amount, if any, she owed the landlord.

Ultimately, when the brother threatened to notify the Board of Attorneys Professional Responsibility of the matter, Attorney Taylor told him that he had put the sister's money in an investment which was unsuccessful. He then asked the brother to lend him money to reimburse the sister, saying he would not charge any fees for his representation in the eviction matter. The brother refused. Attorney Taylor never returned any of the sister's funds.

Responding to inquiry from the Board in this matter, Attorney Taylor stated that the proceeds of the tax refund check were to be used not only to pay the woman's legal fees but also those of her brother. However, he was unable to substantiate that when he placed the sister's refund check into his trust account or thereafter the brother owed him any money for legal services. Neither was there any written fee agreement providing that the refund check was to be used for the benefit of anyone other than the sister.

On the basis of the facts in these two matters, the referee concluded as follows. By converting client funds entrusted to him, Attorney Taylor engaged in illegal conduct involving moral turpitude, in violation of SCR 20.04(3).[1] By misrepresenting the facts to the circuit

[1]The misconduct considered in this proceeding occurred prior to January 1, 1988, the effective date of the court's adoption of a

court and to opposing counsel in the eviction matter concerning his retention of client funds in trust, he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4).[2] Further, his failure to deposit funds into his trust account and to maintain complete records regarding those funds violated SCR 20.50(1)[3] and (2)(c),[4] his failure to pay or deliver the funds as agreed or upon demand violated SCR 20.50(2)(d),[5] and his misrepresentation to the Board concerning the application of the tax refund proceeds violated SCR 22.07(2).

As discipline for this misconduct the referee recommended that Attorney Taylor's license to practice law be revoked, effective the date of the court's order. He further recommended that Attorney Taylor be ordered to make restitution to the client in the second matter in the sum of $2,856.06, together with interest at the statutory rate of five percent per year from the date

comprehensive revision of SCR chapter 20, formerly the Code of Professional Responsibility, 139 Wis. 2d xiii (1988). Accordingly, the rules applicable to that misconduct were those of the former Code.

For the information and guidance of the bar and others, we will set forth in this and future attorney disciplinary proceedings those rules of the current Rules of Professional Conduct for Attorneys, SCR chapter 20, that correspond to the former rules.

The rule of the Code of Professional Conduct for Attorneys that corresponds to SCR 20.04(3) is SCR 20:8.4(b).

[2]The corresponding rule of the Code of Professional Conduct for Attorneys is SCR 20:8.4(c).

[3]The corresponding rule of the Code of Professional Conduct for Attorneys is SCR 20:1.15(a).

[4]The corresponding rule of the Code of Professional Conduct for Attorneys is SCR 20:1.15(e).

[5]The corresponding rule of the Code of Professional Conduct for Attorneys is SCR 20:1.15(b).

he received the funds, June 19, 1985, to the date of the court's order; thereafter, at the statutory rate of 12 percent per year until paid. Finally, the referee recommended that Attorney Taylor be required to pay the costs of this proceeding.

In this appeal Mr. Taylor argued that the referee should not have considered the second matter because he had been unable to adequately prepare for the disciplinary hearing on it due to his incarceration following the felony conviction. He asserted that the institution in which he was confined had no law library or other facilities he could use to prepare necessary papers in the matter. He further argued that any discipline imposed in this proceeding should relate exclusively to his misconduct in the first matter, to which he had stipulated and for which he had agreed to the summary suspension of his license following conviction and, ultimately, to the revocation of his license if that conviction were affirmed on appeal.

We find Mr. Taylor's arguments without merit. The record discloses that he personally attended the two-day disciplinary hearing conducted on the second cause of action and there testified in his own behalf and cross-examined witnesses presented by the Board. Moreover, as the Board pointed out in its brief, Mr. Taylor had been notified of the disciplinary hearing prior to his incarceration and, following conviction, he was sentenced to six months' imprisonment with work release privileges. Thus, Mr. Taylor had the opportunity to prepare his defense to the allegations of misconduct in the second matter. Indeed, he had agreed to have two depositions taken and was temporarily released from custody on the date of those depositions, but he did not attend them for reasons not stated in the record.

On the question of the effective date of the revocation to be imposed for his misconduct, Mr. Taylor argued that it should be the date on which he entered into the stipulation for the summary suspension of his license while this proceeding was pending and for its revocation if his conviction were affirmed. The Board took the position that the effective date should be the date on which the criminal conviction became final by virtue of this court's denial of his petition for review of the Court of Appeals' decision affirming it. That position is based on the recitation in the stipulation that Mr. Taylor consented to revocation of his license following affirmance of his conviction on appeal and, in the event of reversal, to the automatic reinstatement of his license and resumption of the disciplinary proceeding, which had been stayed pending the criminal appeal.

We determine that license revocation is appropriate discipline to be imposed for Mr. Taylor's misconduct because of its egregious nature. His theft of funds entrusted to him by two clients violated his fundamental professional duty to protect client property given to him in the course of his representation. To further his own purposes he intentionally failed to do so and subsequently misrepresented facts to a court and to others to conceal his wrongdoing. Such misconduct warrants the imposition of the most severe discipline at the court's disposal.

We also determined that the appropriate effective date of the license revocation to be imposed is the date on which Mr. Taylor's conviction became final. That is the discipline to which he had stipulated, although it related only to the matter for which he had been convicted, that is, the misconduct alleged in the first cause of action of the complaint in this proceeding.

Nonetheless, we impose the license revocation as discipline for the totality of his misconduct considered in this proceeding. As it constitutes the most severe sanction for attorney professional misconduct, it cannot be enhanced. Making the effective date of the revocation the date of this order would serve only to extend the date when Mr. Taylor might file a petition seeking reinstatement of his license, which by court rule is five years after the effective date of revocation. SCR 22.83(3).

When he appealed from the referee's report, Mr. Taylor filed a motion for the waiver of the applicable fee, stating he was without necessary funds to pay that fee and that his anticipated 1988 gross income would not exceed $5,000. However, Mr. Taylor has not established indigency so as to warrant waiver of the fee for filing the appeal. Accordingly, we determine that he be required to pay the fee.

IT IS ORDERED that the license of Robert L. Taylor to practice law in Wisconsin is revoked, effective December 14, 1987.

IT IS FURTHER ORDERED that within six months of the date of this order Mr. Taylor make restitution in the amount of $2,856.06, together with interest at the rate of five percent per year from June 19, 1985, to the date of this order and thereafter at the rate of 12 percent per year until paid.

IT IS FURTHER ORDERED that within six months of the date of this order Robert L. Taylor pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding and to the clerk of this court the filing fee in this appeal.

IT IS FURTHER ORDERED that Robert L. Taylor comply with the provisions of SCR 22.26 con-

cerning the duties of a person whose license to practice law in Wisconsin has been revoked.