IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert L. TAYLOR, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Robert L. TAYLOR, Respondent.

Supreme Court

*No. 03–0587–D. Decided May 5, 2003.*

2003 WI 35

(Also reported in 660 N.W.2d 665.)

The Court entered the following order on this date:

Attorney Robert L. Taylor has filed a petition for consensual license revocation under SCR 22.19(3). He was admitted to practice law in Wisconsin in 1979 but his license was revoked in 1987 and has not been reinstated.

The Office of Lawyer Regulation (OLR) is currently investigating Attorney Taylor in four matters, all involving his pre-1987 revocation conduct. One of the matters involves a 1990 federal criminal conviction of conspiracy to defraud by misapplying funds and embezzlement from a federal credit union. The other three matters involve Attorney Taylor's representation of three clients during a 1985 period during which his license had been suspended for failure to comply with continuing legal education requirements. In addition, OLR is investigating Attorney Taylor in these three matters for allegations involving charging an illegal or clearly excessive fee, neglect of a legal matter, failure to promptly pay or deliver to the client funds in the attorney's possession to which the client was entitled, and failure to return unearned fees. In his petition, Attorney Taylor acknowledges that he cannot successfully defend himself against these allegations.

OLR has responded and recommends that the petition be granted. Both OLR and Attorney Taylor request that the revocation be made retroactive to December 14, 1992, the date on which Attorney Taylor could have first sought reinstatement from the 1987 revocation. They submit that it would be unfair to prospectively revoke Attorney Taylor's license for conduct that occurred over 15 years ago and prior to the 1987 revocation.

IT IS ORDERED that the petition for consensual license revocation of Attorney Robert L. Taylor is

granted. Retroactive revocations are not a typical sanction but it is appropriate under these unusual circumstances. The revocation of his license to practice law in Wisconsin shall be effective December 14, 1992. To the extent he has not already done so, Attorney Taylor must comply with SCR 22.26 relating to activities following license revocation.