IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert L. TAYLOR, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Robert L. TAYLOR, Respondent-Appellant.

Supreme Court

*No. 2003AP587–D. Decided September 1, 2006.*

2006 WI 112

(Also reported in 720 N.W.2d 456.)

For the respondent-appellant there was a brief by *Robert L. Taylor,* Milwaukee.

For the complainant-respondent there was a brief by *Julie M. Falk,* assistant litigation counsel.

¶ 1. PER CURIAM. We review a referee's supplemental report recommending that Robert L. Taylor's license to practice law in Wisconsin be reinstated.

¶ 2. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Taylor's license to practice law should be reinstated upon the conditions recommended by the referee. We further direct Attorney Taylor to pay the costs of the reinstatement proceedings, which total $5686.69 as of April 7, 2006.

¶ 3. Attorney Taylor was licensed to practice law in Wisconsin in 1979 and practiced in Milwaukee. His license was summarily suspended on July 28, 1986, following his conviction for felony theft of client funds. On March 17, 1989, his license to practice law was revoked, effective December 14, 1987, the date on which Attorney Taylor's felony conviction became final, as a result of the felony theft of client funds and related misconduct. *See In re Disciplinary Proceedings Against Taylor,* 148 Wis. 2d 708, 436 N.W.2d 612 (1989). Attorney Taylor was directed to make restitution to one client in the amount of $2856.06, plus interest. He was also directed to pay the costs of the disciplinary proceeding.

¶ 4. In 2003 Attorney Taylor filed a petition for consensual license revocation under SCR 22.19(3)[1]stemming from a further investigation by the Office of

---

[1] SCR 22.19(3) states: Petition for consensual license revocation.

Lawyer Regulation (OLR) into additional charges of misconduct. The four matters involved in that investigation involved pre-revocation conduct dating from around 1987. One of the matters involved Attorney Taylor's 1990 federal criminal conviction for conspiracy to defraud by misapplying funds and embezzlement from a federal credit union. The other three matters involved Attorney Taylor's representation of three clients during a 1985 period during which his license was suspended for failure to comply with continuing legal education (CLE) requirements. The consensual revocation was made retroactive to December 14, 1992, the date on which Attorney Taylor could have first sought reinstatement from his 1987 revocation. *See In re Disciplinary Proceedings Against Taylor,* 2003 WI 35, 261 Wis. 2d 1, 660 N.W.2d 665.

¶ 5. On October 22, 2003, Attorney Taylor filed a petition for reinstatement. James Winiarski was appointed referee. On August 25, 2004, the referee filed a report and recommendation recommending that Attorney Taylor's reinstatement petition be denied because Attorney Taylor had not shown by clear, satisfactory, and convincing evidence that he had met a number of the criteria necessary to warrant his reinstatement.

¶ 6. On December 28, 2005, this court remanded the matter to the referee for further proceedings relating to the questions whether Attorney Taylor has the moral character to practice law and whether he can safely be recommended to the legal profession, the

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence. Following the remand, Attorney Taylor and the OLR filed supplemental briefs. On March 16, 2006, the referee issued a supplemental report and recommendation recommending that Attorney Taylor's petition for reinstatement be granted.

¶ 7.   In his supplemental report, the referee noted that Attorney Taylor submitted character reference letters from individuals who have known him in the past and who presently know him. The referee said while some of the writers did not address Attorney Taylor's current moral character as it relates to the practice of law, there was evidence that Attorney Taylor does again possess the moral character to practice law and that he can now be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence.

¶ 8.   The referee noted that the OLR continues to object to Attorney Taylor's reinstatement citing, among other things, the fact that he has been slow in making restitution and paying the costs of the prior disciplinary proceedings. The referee said he did not believe the nonpayment of restitution and costs should prohibit Attorney Taylor's reinstatement since it does not appear that he has had the financial ability to completely pay all restitution and costs, given the fact that he has raised four children and has had limited employment opportunities for a substantial part of the last 20 years. In making his recommendation to grant the reinstatement petition, the referee said:

> While the evidence in support of Taylor's petition for reinstatement is not overwhelming, I am satisfied by clear, satisfactory, and convincing evidence that he

should be reinstated at this time. Based upon the comments of individuals who know him best, there is evidence that Taylor has changed his life and has become a hard-working honest individual. He has chosen to give back to the community in the form of volunteer services, which he continues to render. I also note that there is no evidence of dishonesty, poor character, criminal activities or other harmful conduct since the time of Taylor's original misconduct which resulted in the loss of his license to practice law some twenty years ago. In making this recommendation, I place considerable weight on the fact that there is no current evidence of poor moral character.

¶ 9. The referee said in the event this court does reinstate Attorney Taylor's license, he recommends the following conditions should be placed on the reinstatement: (1) Attorney Taylor must produce a current favorable recommendation from the Board of Bar Examiners (BBE); (2) reinstatement should be conditioned upon Attorney Taylor paying a minimum of $200 per month toward restitution and costs, beginning six months after he is reinstated; and (3) within 30 days of reinstatement Attorney Taylor must provide proof that he has established a client trust account. The referee further noted that although it may be impossible to order, he would strongly encourage Attorney Taylor to practice law with or have close associations and communications with other practicing lawyers.

¶ 10. On March 21, 2006, the BBE recommended Attorney Taylor's reinstatement to the practice of law in Wisconsin, subject to his compliance with current CLE requirements.

¶ 11. The standard to be met for reinstatement of a law license is provided in SCR 22.31(1).[2] The peti-

---

[2] SCR 22.31(1) provides: Reinstatement hearing.

tioner has the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶ 12. After careful review of the record we agree with the referee that Attorney Taylor has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Taylor's license to practice law in Wisconsin, subject to the conditions recommended by the referee. We also echo the referee's comment that Attorney Taylor is strongly encouraged to either practice with or have close associations and

(1) The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

71

communications with other practicing lawyers. We further direct Attorney Taylor to pay the costs of the reinstatement proceedings.

¶ 13. IT IS ORDERED that the petition for reinstatement of the license of Robert L. Taylor to practice law in Wisconsin is granted, effective the date of this order.

¶ 14. IT IS FURTHER ORDERED that the reinstatement of Attorney Taylor's license to practice law be subject to the following conditions: (1) that he comply with current CLE requirements; (2) that he pay a minimum of $200 per month toward restitution and costs, including the costs of the reinstatement proceedings, beginning six months after he is reinstated; and (3) within 30 days of reinstatement Attorney Taylor must provide proof that he has established a client trust account.

¶ 15. IT IS FURTHER ORDERED that the minimum of $200 per month that Attorney Taylor is required to begin paying six months after he is reinstated shall first be applied to restitution and, after restitution has been paid in full, the monthly payments shall be applied to costs. If Attorney Taylor fails to make the monthly payments required by this order, and absent a showing to this court of his inability to pay, the license of Robert L. Taylor to practice law in Wisconsin shall be suspended until further order of the court.